FILED

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

2014 JUN -4 P 3: 42

DISTRICT COURT
 , VIRGINIA

Jared N. Johnson
*PLAINTIFF*

Civil Case No. 3:14-cv-0037

V.

Northland Group
*DEFENDANT*

# MOTION TO STRIKE AFFIRMATIVE DEFENSES

COMES NOW, Jared N. Johnson (Pro se Plaintiff) and hereby files this Motion to Strike Affirmative Defenses set forth by Northland Group (Defendant). Plaintiff represents as follows:

1. FRCP Rule 12(f)(2) states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."

2. This Motion to strike has been filed with The U.S. District Court for the Eastern District of Virginia within 21 days of the unsigned responsive pleading from the Defendant.

3. Plaintiff (Johnson) hereby requests of the court to strike each and every Affirmative Defense in the unsigned answer, pursuant to FRCP Rule 11(a), "The court must strike an unsigned paper..."

4. Plaintiff (Johnson) denies and avoids each and every affirmative defense plead in the unsigned answer of the Defendant.

5. Plaintiff respectfully reminds the court that Pursuant to FRCP Rule 8(e), "Pleadings must be construed as to do justice."

6. Plaintiff requests that the burden of persuasion proving the validity of each and every accusation addressed to Plaintiff rests on the Defendant pursuant to FRCP Rule 301.

7. The Affirmative Defense (*Failure to state a claim*), in Paragraph 21 of Defendants unsigned answer fails to state any substantive facts particular to the Plaintiff's claim that would support this defense. The U.S. District Court for the Eastern District of Virginia has original jurisdiction therefore no grounds for the court's jurisdiction is required. Johnson stated in short and plain language a statement of the claim showing entitlement to relief. Included in that claim was a demand for relief sought. Lary v. Tom Taylor Agency states, "A single violation is sufficient to create liability". Further, Conley v. Gibson states:

> "The general rule in appraising the sufficiency of a complaint for failure to state a claim is that a complaint should not be dismissed, unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." CONLEY VS. GIBSON (1957), 355 U.S. 41, 45, 46, 78 S. Ct. 99, 102, 2LEd 2d 80

8. Defendant represents no violation of any consumer laws occurred by contacting the Plaintiff and in doing so, has insinuated that the calls *were in fact* made. During that time, the Defendant had access to autodialing equipment (See: "Secretary's Record, Nebraska Public Service Commission - Application No. AD-417r). Therefore, it is the Plaintiff position that the use of such equipment should be assumed. Due to the lack of factual documentation supporting this defense Plaintiff asks that the defense in Paragraph 21 be permanently stricken with prejudice or require strict proof thereof pursuant to FRCP Rule 11(b)(3).

9. The Affirmative Defense (*Failure to mitigate damages*), in Paragraph 22 of the unsigned answer fails to state any substantive facts particular to the Plaintiffs claim that would support this defense. Every person has a right to expect all other persons to comply with the law and Plaintiff has no obligation to teach the laws to a violator, or request that they stop violating the law. It was established in Lary v. Tom Taylor Agency that "Mitigation runs only to the amount of damages and is not a defense to liability. It can only affect the amount of damages after liability is established". Furthermore, Schumacher Financial Services Inc. v. National Federation of Independent Businesses states, "Since TCPA cases are set by statute mitigation cannot apply". Due to the lack of factual documentation supporting this defense

Plaintiff asks that the defense in Paragraph 22 be permanently stricken with prejudice or require strict proof thereof pursuant to FRCP Rule 11(b)(3).

10. The Affirmative Defense (*Plaintiff not entitled to award*), in Paragraph 23 of the unsigned answer is insufficient in that it fails to state any substantive facts particular to the Plaintiffs claim that would support this defense. In, Lary v. America Med. Practice Servs., 909 So. 2d 204 (Ala. Civ. App. 2005) and Kaplan v. Democrat & Chron., 701 N.Y.S.2d 859 (N.Y. App. Div. 1999) it was decided that, a Consumer need not prove any monetary loss or actual damages in order to recover the statutory penalty. Pursuant to TCPA 47 U.S.C. 227(b), a Plaintiff may bring a TCPA action to recover either (a) the actual monetary loss from a violation of that subsection or (b) statutory damages of $500 for each such violation, whichever is greater. Due to the lack of factual documentation supporting this defense Plaintiff asks that the defense in Paragraph 23 be permanently stricken with prejudice.

11. The Affirmative Defense (*Defendants actions in accordance with consumer law*), in Paragraph 24 of the unsigned answer is insufficient in that it fails to state any substantive facts particular to the Plaintiffs claim that would support this defense. Accompanying the Plaintiffs claim was an automatic dialing device authorization form that acted as a registration for Northlands autodialing devices assigned to their current address in Edina, Minnesota. The Defendant used this system to make

*repeated* calls harassing Johnson on his mobile phone, from Northland Groups registered number, at the same location documented on their auto-dialer authorization. 47 U.S.C 312(f)(2) defines "repeated" as, "the commission or omission of such act more than once or, if such commission or omission is continuous, for more than one day." Images substantiating proof calls were received by the Plaintiff were filed at the Henrico County District Court accompanying the Plaintiff's claim. Plaintiff agrees, Defendant had knowledge of Federal and State consumer protection laws but represents that Defendant was *negligent* in their responsibility to uphold the standard established by these laws to protect consumers. Due to the lack of factual documentation supporting this defense Plaintiff asks that the defense in Paragraph 24 be permanently stricken with prejudice or require strict proof thereof, pursuant to FRCP Rule 11(b)(3).

12. The Affirmative Defense (Unclean hands), in Paragraph 25 of the Defendants unsigned answer is insufficient in that it fails to state any substantive facts particular to the Plaintiffs claim that would support this defense. Defendant has no evidence to substantiate the accusation of illegality or immorality of Plaintiffs actions. Due to the lack of factual documentation supporting this defense Plaintiff asks that the defense in Paragraph 25 be permanently stricken with prejudice or require strict proof thereof pursuant to FRCP Rule 11(b)(3).

13. The Affirmative Defense (Violations were not willful), in Paragraph 26 of the unsigned answer is insufficient in that it fails to state any substantive facts particular to the Plaintiffs claim that would support this defense. Pursuant to Charvat v. Ryan, a party has acted willfully or knowingly when it has acted voluntarily and under its own free will. Defendant has alluded to the fact that calls *were* made in Paragraph 26 of its answer and that these calls were in accordance with Federal and state consumer protection laws in paragraph 24. Therefore, Defendant had knowledge of consumer laws and consciously intended to collect on a purchased debt by deliberately using information provided to them from a creditor. 47 U.S.C. 312(f)(1) defines "willful" as,

> (1) "The conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of this chapter or any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States.

14. The Affirmative Defense *(Unjust Enrichment)*, in Paragraph 27 of the unsigned answer is insufficient in that it fails to state any substantive facts particular to the Plaintiffs claim that would support this defense. If there is enrichment of one party over another it is just and due to the explanation based upon the federally governed statutes of the TCPA 47 U.S.C 227 (b)(3)(C) et. seq. Due to the lack of factual documentation supporting this defense Plaintiff asks that the defense in Paragraph 27 be permanently stricken with prejudice or require strict proof thereof pursuant to FRCP Rule 11(b)(3).

15. The Affirmative Defense *(Defendant acted in good faith reliance)*, in Paragraph 28 of the unsigned answer is insufficient in that it fails to state any substantive facts particular to the Plaintiffs claim that would support this defense. The unspoken assumption that a party needs not intend violation of a law in order to be found guilty of violating *that* law, can be found in, 47 U.S.C. 312(f)(1). Defendant has faithfully acted upon hearsay by relying upon information that could not be adequately substantiated. Violations under TCPA 47 U.S.C. 227 (b)(1) are strict liability violations. These provisions do not provide forgiveness from damages owed for mistaken violations and provide that any violation is unlawful and subject to damages under 47 U.S.C 227 (b)(3) et. seq.

16. The request in Paragraph 29 of the unsigned answer is insufficient in that it could potentially prejudice the Plaintiff by giving the Defendant the right to reserve defenses not yet allowed, which may delay proceedings. Plaintiff's claims are particular. Plaintiff has provided supporting documentation accompanying the claim in good faith as not to delay proceedings pursuant to FRCP Rule 26(a) to which the defendant has provided no supporting documentation that is factual in nature, of its assertions in any form thus far. Plaintiff strongly objects to Northland's reservation of right to assert additional defenses upon further particularization of Plaintiff's claims and upon discovery on the grounds that each and every one of the Defendant's original Affirmative Defenses should be considered insufficient pursuant to FRCP

Rule 11(a). Plaintiff respectfully requests the Defendant is ordered to comply with FRCP Rule 26(a) or that this request be permanently stricken with prejudice.

WHEREFORE, Plaintiff Jared N. Johnson requests relief as follows:

1. Award judgment in favor of the Plaintiff Jared N. Johnson by striking with prejudice each and every one of Defendants Affirmative defenses pursuant to FRCP Rule 11(a) and Rule 11(b) et. seq.

2. Award judgment in favor of the Plaintiff by allowing treble damages in the amount of 1,500.00 per each *willful violation* by Northland Group, pursuant to the TCPA 47 U.S.C. 227 (b)(3) et. seq.

3. Award judgment in favor of the Plaintiff by allowing treble damages in the amount of 1,500.00 per each *negligent violation* by Northland Group, pursuant to the TCPA 47 U.S.C. 227 (b)(3) et. seq.

4. Award judgment against Defendant for all fees, costs, reasonable expenses and witness fees incurred herein by Jared Johnson.

5. Any other relief the Court may deem just, fair and equitable under the circumstances.

_____

Jared N. Johnson (Pro se Plaintiff)
2816 Burnlake Ct.
Richmond, Va. 23233
johnson.jared28@gmail.com
708.359.4629

# THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

Jared N. Johnson
*Plaintiff*

V.                         Civil Case No. 3:14-cv-00337

Northland Group
*Defendant*

## AFFIDAVIT

Pursuant to 28 U.S.C. § 1746(2), I, Jared Johnson, hereby declare under penalty of perjury, that the foregoing is true and correct, to the best of my knowledge, information and belief.

_____ Signature
Jared Johnson
2816 Burnlake Ct. Richmond, Va. 23233

I, _____, the undersigned Notary, hereby certify that Jared Johnson personally known to me to be the affiant in the foregoing affidavit, personally appeared before me this day and having been by me duly sworn, deposes and says that the facts set forth in the above affidavit are true and correct.

Witness my hand and official seal this the ___ day of _____, 20__.

_____
Notary Public

My Commission expires: 10/31/14

## CERTIFICATE OF SERVICE

I, Jared Johnson, hereby certify that a true and correct copy of the foregoing Motion to Strike Affirmative Defenses has been furnished via U.S. Mail on this 4th day of June, 2014 to:

Daniel P. Watkins (*Counsel for Defendant*)
Williams & Mullen
P.O. Box 1320
Richmond, Va. 23218-1320

_____
Jared N. Johnson (Pro se Plaintiff)
2816 Burnlake Ct.
Richmond, Va. 23233
johnson.jared28@gmail.com
708.359.4629