IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JARED N. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 3:14-cv-00337 |
| ) | |
| NORTHLAND GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Defendant Northland Group, Inc. ("Northland"), by counsel and pursuant to the Federal Rules of Civil Procedure, respectfully submits this response in opposition to Plaintiff Jared Johnson's Motion to Strike Defendant's Affirmative Defenses. In opposition to the Motion to Strike, Northland states as follows:

I.   INTRODUCTION

After failing to extract a settlement from Northland, Plaintiff commenced this action alleging a violation of the Telephone Consumer Protection Act ("TCPA"). Plaintiff's TCPA claim is fatally flawed as it is based on his erroneous interpretation of the TCPA and an outdated, irrelevant, 2007 Northland public-filing made related to the registration of telephone "autodialing" equipment. In the seven years since that application was filed in Nebraska, technology has continually evolved and Northland has upgraded and replaced its technology, procedures, and practices. Importantly, the equipment used to contact Plaintiff was installed just last year, and the procedures used to contact him comply with the TCPA's requirements. Northland is certain that discovery will establish that this lawsuit should be dismissed on its merits.

In the interest of justice and within the Federal Rules of Civil Procedure, Northland raised several affirmative defenses in its answer. Plaintiff's motion to strike those defenses is not only premature, but it also lacks legal support. Northland's pleadings provide Plaintiff with fair notice as to the nature of Northland's affirmative defenses, as required by the Federal Rules of Civil Procedure. Plaintiff has failed to demonstrate any actual prejudice by the inclusion of any of Northland's affirmative defenses, and therefore, Plaintiff's motion must be denied. At a minimum, should the court choose to strike any of its affirmative defenses, Northland asks for leave to amend its answer.

II.     BACKGROUND INFORMATION

Northland is a debt collection agency. On or about September 9, 2013, an account in the name of Jared N. Johnson was placed with Northland for collection purposes by Department Stores National Bank.

Upon placement, Northland performed a number of standard preparatory tasks including a scrub to determine whether the telephone numbers received from their client are registered cellular telephone numbers. Cellular numbers are identified and called only using a *manual contact device*, to ensure compliance with the TCPA. This is new technology, and was installed several years subsequent to Northland's 2007 public filing relating to the use of "autodialer" technology. Mr. Johnson attempts to rely on this outdated filing to support his TCPA claim.

Only two conversations took place between Northland and Mr. Johnson. One occurred on December 2, 2013, and the other on December 5, 2013. At no time during the two conversations did Mr. Johnson advise Northland that he did not consent to be called on his cell phone. Both calls were made using a "manual contact device," not an autodialer. In response to an initial demand to extract a monetary settlement along with other relief (e.g., debt forgiveness, revised credit reporting,

etc.), Northland expressly advised Mr. Johnson that the calls were made on a manual contact device. *See* Letter from Northland, dated January 23, 2014, attached hereto as Exhibit 1. Nonetheless, Plaintiff has pushed forward.

### III. LEGAL DISCUSSION

#### a. Motions to Strike

For purposes of motions to strike under Rule 12(f), well pleaded facts must be accepted as true. *Moore v Prudential Ins. Co.*, 166 F Supp 215, 217 (M.D. N.C. 1958); *Multimedia Patent Trust v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1211 (S.D. Cal. 2007) (in assessing a motion to strike a court "must view the pleadings in the light most favorable to the pleader.").

Further, attempts to strike affirmative defenses are disfavored by courts in general and the Court of Appeals for the Fourth Circuit specifically. *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.') (*quoting* 5A A. Charles Alan Wright et al., Federal Practice & Procedure § 1380, 647 (2d ed. 1990)); *see also Int'l Longshoremen's Ass'n, Steamship Clerks Local 1624 v. Virginia Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995) (same). Although the court enjoys "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted). Accordingly, motions to strike "are infrequently granted." *Id.*; *see also Waste Mgmt. Holdings*, 252 F.3d at 347.

Importantly, "[t]he Federal Rules of Civil Procedure only require that an affirmative defense be definite enough to put the plaintiff on fair notice of its nature." *Ferguson v. Guyan Mach. Co.*, 1995 U.S. App. LEXIS 1201, at *15 (4th Cir. Jan. 20, 1995) (unpublished);

*American Chiropractic Assoc. v. Trigon Healthcare, Inc.*, 2001 U.S. Dist. LEXIS 16057, *5 (W.D. Va. 2001) (an affirmative defense is well-plead and "invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defenses"); *Woodfield v. Nationwide Mutual Insurance, Co.*, 193 F.3d 354, 362 (5th Cir. 1999) (only requiring "enough specificity or factual particularity" to give fair notice). The fair notice pleading requirement is met if the defendants sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise. *Woodfield*, 193 F.2d at 362 (*citing Homes Inc. Co. v. Matthews*, 998 F.2d 305, 309 (5th Cir. 1993)). In some instances, ***merely pleading the name of the affirmative defense is sufficient***. *Id*.

A motion to strike will not be granted if "the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Kuhlmeier v. Hazelwood Sch. Dist.*, 578 F. Supp. 1286, 1295 (E.D. Mo. 1984); *see also FDIC. v. Coble*, 720 F. Supp. 748, 750 (E.D. Mo. 1989) (holding a motion to strike will not be granted "unless, as a matter of law, the defense cannot succeed under any circumstances, or is immaterial in that it has no essential or important relationship to the claim for relief") (internal quotations and citations omitted). Additionally, courts should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion. *See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) *rev'd on other grounds,* 478 U.S. 1015, 106 S. Ct. 3324, 92 L. Ed. 2d 731 (1986); *accord Lunsford v. United States*, 570 F.2d 221, 229-30 (8th Cir. 1977).

Further, Mr. Johnson must demonstrate actual prejudice or confusion of the issues. A motion to strike should not be granted unless the movant can show that it is actually prejudiced by the inclusion of a defense or that the defense confuses the issues. *See DeLa Cruz v. Piccari*

4

*Press*, 521 F. Supp. 2d 424, 428-29 (E.D. Pa. 2007); *see also Young v. Dunlap*, 223 F.R.D. 520, 522 (E.D. Mo. 2004); and *American Chiropractic*, 2001 U.S. Dist. LEXIS 16057,*3 (E.D. Va. 2001) ("'Motions to strike a defense as insufficient…even when technically appropriate and well-founded…are often not granted in the absence of a showing of prejudice to the moving party.'") (*quoting* Wright & Miller, at §1381). "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313, 325 (S.D.N.Y. 2003).

In sum, "the movant under Rule 12(f) faces a 'sizeable burden.'" *American Chiropractic*, 2001 U.S. Dist LEXIS 16057, at *4 (*quoting Clark v. Milam*, 12 F.R.D. 66, 70 (S.D. W.Va. 1993)). As explained below, Plaintiff has not and cannot show prejudice by inclusion of the affirmative defenses and he has not met the sizeable burden necessary to strike the affirmative defenses pled by Northland.

    b. Affirmative Defenses at Issue

        i. All Affirmative Defenses

Plaintiff claims that Northland's Answer was "unsigned" and asks that Northland's Affirmative Defenses be stricken pursuant to Federal Rule of Civil Procedure 11(a). Pursuant to Rule 5 of the Federal Rules of Civil Procedure, a court may allow papers to be filed, signed or verified by electronic means. According to the Eastern District of Virginia E-Filing Policies and Procedures Manual:

> The user login and password required to submit documents to the ECF system serve as the filing user's signature on all electronic documents filed with the Court. They serve as a signature for purposes of Fed.R.Civ.P. 11, all other Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before the Court.

Chapter 3, at 1. As such, Northland's electronic filing of the Answer in this matter was sufficient to comply with the requirements of Federal Rule of Civil Procedure 11.

### ii. Failure to State Claim

Plaintiff moves to strike Northland's affirmative defense of failure to state a claim. In support, Plaintiff argues that Northland "fails to state any substantive facts . . . that would support this defense." Pl.'s Mot. ¶ 7. To the contrary, Northland denied the use of an autodialer in making calls to Plaintiff and has specifically put Plaintiff on notice that the calls were made using a manual contact device. Plaintiff is on notice as to the nature of this defense.

Plaintiff further argues that since the United States District Court for the Eastern District of Virginia has "original jurisdiction" therefore "no grounds for the court's jurisdiction is required." Pl.'s Mot. ¶ 7. Finally, Plaintiff, without explanation, cites to standards relating to motions to dismiss under Rule 12.

Plaintiff's reliance on the aforementioned arguments is misplaced. Northland, by including an affirmative defense of failure to state a claim, has not put forth a Rule 12 motion to dismiss Plaintiff's claims. Second, Plaintiff's significant assumption that Northland used an "autodialer" to contact him is false, Northland has denied said allegation, and Plaintiff's TCPA claim will fail when exposed to the sunlight of confirmatory discovery and motion practice.

Plaintiff has not met his burden to establish any actual prejudice caused by the inclusion of this affirmative defense. Failing to meet his burden in this regard, Plaintiff's motion should be denied with respect to Paragraph 21 of the Answer.

        iii.   Failure to Mitigate Damages

Northland states that Plaintiff's Complaint fails to state a claim against this answering defendant for which relief can be granted. Answer ¶ 21.

Plaintiff moves to strike the affirmative defense of failure to mitigate damages due to an alleged "lack of factual documentation supporting this defense." Pl.'s Mot. ¶ 9. In support of his motion, Plaintiff also names, but fails to include citations to two purported cases. *Id.* Without citation, the true import and content of the named cases (and Plaintiff's argument) cannot be judged. With respect to the alleged "lack of factual documentation," assuming arguendo that documentation is necessary at this early juncture of litigation, it is unclear as to what type or extent of documentation would suffice to meet Plaintiff's stated standard. *Id.*

Plaintiff's prayer for relief is broad and seeks statutory damages (along with trebled damages) for alleged TCPA violations, injunctive relief (ordering the debt "unsellable and the statute of limitations on this debt be expired immediately"), and *other relief* as deemed just and proper by this "Forum." *See* Complaint.

Plaintiff has not met his burden to establish any actual prejudice caused by the inclusion of this affirmative defense. Failing to meet his burden in this regard, Plaintiff's motion should be denied with respect to Paragraph 22 of the Answer.

        iv.   Plaintiff Not Entitled to Award

Northland states that Plaintiff's causes of action are barred as a result of Plaintiff's failure to mitigate damages and/or injury. Answer ¶ 22.

Plaintiff does not assert that he does not understand this defense. Instead, Plaintiff complains that Northland's Answer "fails to state any substantive facts particular to Plaintiff's claim

7

that would support this defense" and complains that the Answer lacks "factual documentation supporting this defense." Pl.'s Mot. ¶ 9.

At this early juncture, Northland is not required to produce "factual documentation" as suggested by Plaintiff. As this litigation continues, discovery tools provided under the Rules of Civil Procedure will provide Plaintiff ample opportunity to obtain an explanation of each of Northland's defenses, with supporting documentation.

On this record, Plaintiff has not met his burden to establish any actual prejudice caused by the inclusion of this affirmative defense. Failing to meet his burden in this regard, Plaintiff's motion should be denied with respect to Paragraph 23 of the Answer.

                v.   Northland acted in accordance with consumer law.

Northland states that all of Northland's actions have been in accordance with federal and state consumer laws. Answer ¶ 24. Plaintiff complains that Northland fails to "state any substantive facts particular to the Plaintiffs [sic] claim." Pl.'s Mot. ¶ 11. Plaintiff argues, apparently, that Northland utilized an autodialer in contacting him in 2013, based upon Northland's registration of an "autodialing device" in 2007 and his naked, false assertion that Northland "used this system" to make its two telephone calls to Mr. Johnson. *Id.*

Northland is not obligated to state any facts in particular to plead this affirmative defense. As set forth above, all that is required is fair notice of the nature of the defense. There is no obligation to supply "factual documentation" to support the defense as Plaintiff suggests. The current system used by Northland is the result of ongoing and recurrent changes to the technology and procedures that it utilizes. Plaintiff's reliance upon the outdated 2007 regulatory filing is misplaced.

Further, Plaintiff's citation to and reliance upon 47 U.S.C. 312(f)(2) appears to be misplaced and of no import. See 47 U.S.C. 312 (f)(2) (relating to radio communication and/or transmission of energy----"*Revocation of station license or construction permit*"). Pl.'s Mot. ¶ 11.

Plaintiff has failed to establish any actual prejudice caused by the inclusion of this affirmative defense. Failing to meet his burden in this regard, Plaintiff's motion should be denied with respect to paragraph 24 of the Answer.

   vi. Unclean Hands

Plaintiff's claims are barred by Plaintiff's unclean hands. Answer ¶ 25. In support of his request to strike this defense, Mr. Johnson argues that "Defendant has no evidence to substantiate the accusation of illegality or immorality of Plaintiffs [sic] actions." Pl.'s Mot. ¶ 12. It is obvious from his argument that Mr. Johnson has an understanding of the nature of this affirmative defense. According to the above-mentioned precedent, that is all that is required.

Again, Plaintiff has not met his burden to demonstrate that he is not on notice as to Northland's stated defense and he has not demonstrated any actual prejudice or confusion presented by the inclusion of such an affirmative defense. It would appear that Mr. Johnson understands exactly what was pled and can prepare his defense accordingly.

Plaintiff has not met his burden to establish any actual prejudice caused by the inclusion of this affirmative defense. Failing to meet his burden in this regard, Plaintiff's motion should be denied with respect to Paragraph 25 of the Answer.

   vii. Violations were not willful.

Northland states that any alleged actions, to the extent they violate federal or state law, they were not willful. Answer ¶ 26. In his Complaint, Plaintiff seeks treble damages, alleging that

Northland's actions were willful and/or knowing violations of the TCPA. *See* Complaint. Northland has included an affirmative defense, affirmatively stating that its actions were not willful.

In moving to strike this particular affirmative defense, Plaintiff refers to a purported judicial decision, *Charvat v. Ryan*, but does not provide citation to allow counsel to review the decision for its supposed holding. Plaintiff also again mistakenly relies upon 47 U.S.C. 312(f)(2), which is inapposite to his substantive argument. Pl.'s Mot. ¶ 13.

Plaintiff has not met his burden to establish any actual prejudice caused by the inclusion of this affirmative defense or to claim that he does not understand the nature of the defense. Failing to meet his burden in this regard, Plaintiff's motion should be denied with respect to Paragraph 26 of the Answer.

    viii. Unjust Enrichment

Plaintiff's claims are barred by the doctrine of unjust enrichment. Answer ¶ 27. Plaintiff asks the Court to strike this defense generally due to a "lack of factual documentation supporting this defense." Pl.'s Mot. ¶ 14. There is no requirement to present factual documentation when pleading affirmative defenses.

Plaintiff has not met his burden to establish any actual prejudice caused by the inclusion of this affirmative defense. Failing to meet his burden in this regard, Plaintiff's motion should be denied with respect to Paragraph 27 of the Answer.

    ix. Defendant acted in good faith reliance.

Northland acted in good faith reliance on the information provided by the creditor of the account. Answer ¶ 28.

Plaintiff once again argues that Northland failed to state any substantive facts particular to Plaintiff's claim and argues that Defendant has faithfully acted upon hearsay by relying upon

information that could not be adequately substantiated. Pl.'s Mot. ¶ 15. Plaintiff also continues to rely upon 47 U.S.C. 312(f)(1), though such continued reliance is misplaced. *Id.* Plaintiff has not met his burden to establish any actual prejudice caused by the inclusion of this affirmative defense. Failing to meet his burden in this regard, Plaintiff's motion should be denied with respect to Paragraph 28 of the Answer.

      x.   Reservation of defenses.

Northland reserves the right to assert additional defenses upon further particularization of Plaintiff's claims and upon discovery of further information concerning Plaintiff's alleged claim and upon the development of other pertinent information. Answer ¶ 29.

Recognizing that this litigation is nascent, Northland included language to alert Plaintiff to the fact that as discovery progresses in this case, it may seek leave to amend its Answer to add affirmative defenses. Such action would, at this point, require a motion and leave from the Court. Plaintiff would then have the opportunity to respond to any such motion and attempt to convince the Court that such an amendment should not be allowed.

To the extent that such reservation is even considered an "affirmative defense," Plaintiff has not met his burden to establish any actual prejudice caused by the inclusion of such language. Failing to meet his burden in this regard, Plaintiff's motion should be denied with respect to Paragraph 29 of the Answer.

IV.   CONCLUSION

Defendant Northland Group, Inc. respectfully asks this Court to deny Plaintiff's Motion to Strike Affirmative Defenses in its entirety. To the extent that the Court is inclined to grant any relief pursuant to Plaintiff's motion, Northland seeks leave to amend its Answer, which should be liberally granted.

NORTHLAND GROUP, INC.

/s/_____
Daniel P. Watkins (VSB No. 84592)
Williams Mullen
A Professional Corporation
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: (804) 420-6045
Facsimile: (804) 420-6507
Email: dwatkins@williamsmullen.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing Answer has been furnished via U.S. Mail, this 16th day of June, 2014, to:

Jared Johnson
Plaintiff and Pro Se Litigant
2816 Burnlake Court
Richmond, VA 23233

/s/_____
Daniel P. Watkins (VSB No. 84592)
Williams Mullen
A Professional Corporation
P.O. Box 1320
Richmond, Virginia 23218-1320
Telephone: (804) 420-6045
Facsimile: (804) 420-6507
*Counsel for Defendant*

25820324_1